UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **NICHOLAS D. EMMANUEL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 4:25-cv-331-AMM-HNJ |
| | ) |
| **CITY OF GUNTERSVILLE, ALABAMA,** *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

The magistrate judge entered a report on January 15, 2026, Doc. 22, recommending that the court deny petitioner Nicholas D. Emmanuel's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, and dismiss his claims with prejudice on the merits. The court received Mr. Emmanuel's objections on January 29, 2026. Doc. 23.

In his objections, Mr. Emmanuel argues (1) his counsel failed to correctly advise him of the immigration consequences of pleading guilty to domestic-violence charges in state court in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010), Doc. 23 at 1; (2) at the evidentiary hearing on Mr. Emmanuel's Rule 32 petition, the state court unreasonably credited counsels' testimony over Mr. Emmanuel's testimony, in violation of 28 U.S.C. § 2254(d)(2), Doc. 23 at 2; (3) the magistrate judge improperly relied "on generic plea-form language stating that deportation 'may'

occur and presume[d] a valid plea colloquy despite the absence of a transcript," Doc. 23 at 2; (4) the magistrate judge misapplied *Strickland v. Washington*, 466 U.S. 668 (1984), by dismissing Mr. Emmanuel's showing of prejudice after characterizing his testimony as "self-serving," Doc. 23 at 2–3; and (5) the magistrate judge expanded the deference afforded to state court factual determinations pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "beyond its lawful scope" when he treated "generalized immigration warnings as sufficient under *Padilla*" and "presume[ed] waiver in the absence of a record," Doc. 23 at 3.

Mr. Emmanuel's objections lack merit. As the magistrate judge explained in his January 15, 2026, Report and Recommendation:

> Emmanuel challenges the Circuit Court's factual finding that Trial Counsel and Immigration Counsel advised Emmanuel, prior to his guilty plea, he could face removal/deportation from the United States. Title 8 U.S.C. § 1227(2)(E)(i) provides in relevant part: "Any alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable." 8 U.S.C. § 1227(2)(E)(i). Like *Padilla*, an attorney could have easily determined the consequences of Emmanuel's plea by reading the removal statute, and any failure by counsel to properly advise Emmanuel of the risk of removal constitutes ineffective assistance of counsel.
>
> However, the record readily supports the Circuit Court's factual finding. First, Trial Counsel testified that he reviewed the Guilty Plea with Emmanuel (which Emmanuel signed) and "specifically pointed [out]" the following provision: "If you are not a United States citizen, a guilty plea may subject you to adverse

2

immigration consequences, including deportation (see 8 U.S.C. § 1227), exclusion from reentry to the United States and amnesty, and that the appropriate consulate may be informed of the plea and conviction." (Doc. 11-6 at 62).

Second, Emmanuel participated in a plea colloquy where he acknowledged to the Circuit Court "that he had read, understood, and did not require further explanation by the Court of the rights and other matters" set forth in the Guilty Plea. (Doc. 11-5 at 28).

Finally, at the Rule 32 evidentiary hearing Immigration Counsel and Trial Counsel both testified they (1) advised Emmanuel there could be serious adverse immigration consequences, including deportation or removal, if he pleaded guilty to a domestic violence charge, and (2) advised Emmanuel to reject the plea offer and proceed to trial.

The Circuit Court credited the testimony of Immigration Counsel and Trial Counsel. The Circuit Court did not credit Emmanuel's testimony. Section 2254(d)(2) requires a federal habeas court to "accord the state trial court substantial deference." *Brumfield*, 576 U.S. at 314. "If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court[']s ... determination." *Id.* (cleaned up). Nothing in the record suggests the Circuit Court's decision to credit Trial Counsel and Immigration Counsel's testimony over Emmanuel's testimony amounted to an unreasonable determination of the facts considering the evidence. *See* 28 U.S.C. § 2254(d)(2). Emmanuel failed to marshal any law or facts in his response which overcome the "substantial deference" due to the Circuit Court's credibility determination. *See Brumfield*, 576 U.S. at 314.

Doc. 22 at 27–29. The court agrees with the magistrate judge. Thus, "[a]ccording as true the Circuit Court's factual determination that Trial Counsel and Immigration Counsel correctly advised Emmanuel he faced possible removal from the United States if he pleaded guilty to a domestic-violence charge," *id.* at 29, Mr. Emmanuel's claims challenging his counsels' effectiveness and the voluntariness of his guilty plea cannot be sustained and warrant denial.

After careful consideration of the record in this case, the magistrate judge's report, and Mr. Emmanuel's objections, the court **OVERRULES** the objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Mr. Emmanuel's petition is due to be denied, and his claims are due to be dismissed with prejudice. A final judgment will be entered.

**DONE** and **ORDERED** this 26th day of February, 2026.


ANNA M. MANASCO
UNITED STATES DISTRICT JUDGE